1  Scott R. Kaufman, SBN 190129
2  1400 Coleman Ave., Suite F-26
   Santa Clara, CA  95050
3  Telephone: (408) 727-8882
   Facsimile: (408) 727-8883
4  lemonatty@gmail.com
   (Additional Counsel listed below)
5
6  Attorneys for David Baba and Ray Ritz, Named Plaintiffs and all others similarly situated
7
                    **IN THE UNITED STATES DISTRICT COURT**
8                   **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN JOSE DIVISION**
9

10  DAVID BABA,                          |     CASE NO:  09-05946-RS
                                         |
11        and                            |
                                         |     **FIRST AMENDED CLASS**
12  RAY RITZ,                            |     **ACTION COMPLAINT**
                                         |
13  Individually and on behalf           |     **Jury Demand Endorsed Hereon**
14  of all others similarly situated,    |
                                         |
15        PLAINTIFFS,                     |
                                         |
16                                       |
                                         |
17        -vs-                            |
                                         |
18  HEWLETT PACKARD COMPANY,             |
    A Corporation,                       |
19                                       |
                                         |
20        DEFENDANT.                      |

21

22        Named Plaintiffs David Baba and Ray Ritz bring this action against Defendant, Hewlett

23  Packard Company ("HP" or "Defendant"), on behalf of themselves and all others similarly

24  situated, and allege upon information and belief, except as to their actions, the investigation of

25  their counsel, and the facts that are a matter of public record, as follows:

26

27

28

1

2

## **INTRODUCTION**

3        1.      Named Plaintiffs bring this action to obtain damages, restitution,

4   disgorgement, injunctive and other relief individually and on behalf of the proposed class

5   defined below.

6

7        2.      This action is brought to remedy violations of applicable law in

8   connection with Defendant's design, manufacture, marketing, distribution and/or sale of TX

9   2000 and TX 2500 series notebook computers, and other models to be identified through

10  discovery that have a similar design.  The design of the notebook causes the cursor to move

11  around randomly on the screen, rendering the computer unusable and unfit for its ordinary and

12  intended purpose.

13

14       3.      The TX 2000 and TX 2500 series notebook computers are "touch screen"

15  computers, meaning that the user is able to interact with the computer by touching areas on the

16  screen, either with a finger or with the digital pen designed for use with the computer.

17  Touching the screen replicates the action that would be performed by the cursor on a traditional

18  computer.

19

20       4.      Named Plaintiffs assert claims individually and collectively under the

21  Unfair Competition Law ("UCL" or "Section 17200"), Business and Professional Code § 17200

22  et seq., the Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 et seq. and the

23  warranty laws of the states where class member reside.

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

**THE PARTIES**

5.      Named Plaintiff David Baba is a resident of Tucson, Arizona.  On or about November, 2008, Mr. Baba purchased an HP TX 2000 series notebook from Sam's Club in Tucson, Arizona.

6.      Named Plaintiff Ray Ritz is a resident of Ipswich, Massachusetts.  On or about March 25, 2008, Mr. Ritz purchased an HP TX 2000 series notebook directly from HP.

7.      Defendant HP is a California corporation with its principal place of business in Palo Alto, Santa Clara County, California. Named Plaintiffs' Declarations, as required under Cal. Civ. Code § 1780(d), reflecting that HP does business in this judicial district, including the county in which this Court sits, are attached collectively as Exhibit "A."

**JURISDICTION AND VENUE**

8.      This action is brought to remedy Defendant's violations of state consumer protection and related statutes based upon the design, manufacture, marketing, distribution and/or sale of the subject computers.

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which certain class members are citizens of states different from that of Defendant.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant does business in this district, and a substantial part of the events or omissions giving rise to Named Plaintiffs' claims occurred in this district.

FIRST AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-05946-RS

**CLASS ACTION ALLEGATIONS**

11.     Named Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class defined as all purchasers in the United States of a TX 2000 or TX 2500 series notebook manufactured by Defendant Hewlett Packard.  Excluded from the Classes are Defendant, as well as Defendant's affiliates, employees, officers and directors, including franchised dealers, any person who has experienced physical injury as a result of the defects at issue in this litigation and the Judge to whom this case is assigned. Named Plaintiffs reserves the right to amend this Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

12.     The members of the Class are so numerous that joinder of all members would be impracticable.  Named Plaintiffs reasonably estimate that there are thousands of Class members who purchased the subject notebook computers. The members of the Class are readily identifiable from information and records in Defendant's possession, custody or control.  The disposition of these claims will provide substantial benefits to the Class.

13.     There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual Class members, including, but not limited to, the following:

a.      Whether Defendant omitted and/or concealed material facts from Named Plaintiffs and the Class regarding the defective notebook computers;

b.      Whether, by the misconduct set forth in this Complaint, Defendant has engaged in unfair or unlawful business practices with respect to the sale of the subject computers;

c.      Whether Defendant had a duty to disclose the defect to Named Plaintiffs and the Class;

d.      Whether, by its conduct, Defendant violated the unfair, unlawful, and/or fraudulent prongs of the UCL;

FIRST AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-05946-RS

e.      Whether, by its conduct, Defendant violated the CLRA;

f.          Whether the notebook computers are defective; and

g.      Whether, as a result of Defendant's misconduct, Named Plaintiffs and the Class are entitled to equitable relief and/or other relief, and, if so, the nature of such relief.

14.    Named Plaintiffs' claims are typical of the claims of the members of the Class.  Named Plaintiffs have no interests antagonistic to those of the Class and is not subject to any unique defenses.

15.    Named Plaintiffs will fairly and adequately protect the interests of all members of the Class and have retained attorneys experienced in class action and complex litigation.

16.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons:

a.   It is economically impractical for members of the class to prosecute separate actions;

b.   The class is readily definable;

c.   Prosecution as a class action will eliminate the possibility of repetitious litigation; and

d.   A class action will enable claims to be handled in an orderly and expeditious manner, will save time and expense and will ensure uniformity of decisions.

### SUBSTANTIVE ALLEGATIONS

17.    This action is brought on behalf of the Class defined above.

18.    The notebook computers at issue are manufactured, marketed and sold by HP both directly to consumers and through its established network of retailers.  HP specifically warrants the notebook computers to be "free from defects in materials and workmanship under normal use during the warranty period."   Exhibit 1, pg. 2.

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

19.     The notebook computers at issue are marketed as tablet or 'touchscreen" computers, that is, a notebook computer equipped with a touch screen which allows the user to operate the computer with a stylus or digital pen, or a fingertip, instead of a keyboard or mouse. This feature is advertised widely by HP and is material to a consumer's decision to purchase these particular models over other notebook computers.

20.     Notebook computers produce significant amounts of heat due to the number of components confined within a relatively small space.   The notebook computers at issue contain a cooling fan that works to reduce the internal temperature of the notebook.   In these models, the cooling fan is located on the right side of the notebook, just above the keyboard panel.



21.     In the case of the notebook computers at issue, the blades of the cooling fan continually draw the cursor to the lower right hand portion of the screen.  This significantly interferes with normal operation of the notebook.

22.     A number of complaints concerning this problem, and HP's failure to repair it, have been posted on the internet:

FIRST AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-05946-RS

1
2
3

- This has been irritating me for a bit; the mouse cursor likes to jump down to the system tray and move around/click randomly without any input from me. I tried disabling the trackpad, using a USB mouse, disabling the touch input, disabling the touch input AND wacom layer, it doesn't matter what -- I always end up running into this problem sooner or later.[1]

4
5
6
7
8
9
10

- Ater (sic) around 2 weeks, the cursor started to jump lie crazy. it stays on one specific spot, with random clicks. that said spot is the right lower part of the screen, which usually brings up the clock/calendar.   i tried calling HP support but they don't know how to help and just suggested a system restore or a reformat. after a few days, it happened again! i tried to limit the startup processes and even thought that adobe or java has something to do with it, but nothing really helped.  the only thing i can do right now is try to reformat again and use it for a month without installing any programs.. but that really defeats the purpose of having a laptop. what's the point of having one when i can even run programs with it, fearing that the jumping cursor would act up again?[2]

11
12
13
14
15
16

- I got the computer back today. Still broken. Looks like the touchpad was just a shot in the dark for HP.  I'm asking for a return at this point. I had the computer for less than 2 weeks, even when you count the days of shipping to and from HP for service. The computer is useless with the way it acts. Even closing the laptop makes the cursor move the the bottom right corner and click. When I get to about 20 degrees is when the cursor moves. This indicates to me the problem may reside in the hinge, but that's just a guess. I really don't much care anymore...I just want to get it out of my hair!  Good luck getting yours fixed...[3]

17
18
19
20

- i had this problem to .. after re installing every thing twice i (not hp) figured out it only did it when i had my power settings to high performance. if you keep your proccessor down to 90% it does not do this . i used balanced till i figured out how to make my own power profile. i told hp and the guy replied back. glad we could help have a nice day. [4]

21
22
23

- HP denies that there's a problem. Their customer service people just make me angrier by telling me I must be touching the trackpad with my wrist while I type.... and when I explain to them that it will happen when my hands are no where near the laptop, they just repeat their mantra that there are no known issues. Makes me

24
25
26
27
28

---

[1] http://forum.tabletpcreview.com/showthread.php?t=17163

[2] *Id.*
[3] *Id.*

[4] *Id.*

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

so freaking angry. 😡  …  It's like the digital equivalent of water torture... drip... drip... drip... click... click... click....  AAAAGGGHHHH!!! [5]

- it's been a year and HP still haven't fixed my laptop. they changed the lid but the problem still persists. i don't know why they didn't just admitted that there's a problem and recall the product. they don't even want to fix my laptop for free since it has been a few days since my 1yr warranty expired.[6]

- HP needs to repair or replace my HP TX2000. The mouse cursor keeps jumping to the bottom right corner of the screen on its own. I realised that there is a lot of heat generated in that corner of the base keyboard for some reason, which probably makes the mouse jump there. the mouse works perfectly when I rotate the screen away from that corner, but obviuosly that makes it extremely awkward to work, with the screen angled in another direction and the Del, BkSpace keys hiding behind the screen! Of cuorse, this heat is the culprit, and a strange design flaw of the unit![7]

23.    On information and belief, customers who contact HP about this problem during the warranty period are given a variety of explanations for the problem, none of which actually resolve the problem.   Some consumers are told that the problem is caused by the computer's touchpad, and are asked to adjust the sensitivity of that device.  Other consumers are directed to download replacement drivers for the touchpad.  Still others are told that they must perform a system restore, erasing all of their files in the process, even though the problem exists out of the box.

24.    Consumers who are persistent with HP's customer service and are invited to return their notebooks to HP for warranty service fare no better.   HP seemingly randomly replaces the motherboard, digitizer, touchpad, keyboard, LCD screen, fan or hard drive on affected computers, all without resolving the problem.  In the process, it eradicates all of the data on the consumer's hard drive, by performing a system restore on the computer's hard drive.

---

[5] http://forum.tabletpcreview.com/showthread.php?t=17163&page=2

[6] Id.

[7] http://h30434.www3.hp.com/psg/board/message?board.id=Tablet&thread.id=99

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

25.     Customers who visit hp.com seeking support find that HP employees advise them that "Touchpad is too sensitive. hands are brushing the pad while you type"[8].

26.     Named Plaintiff David Baba purchased his HP TX series computer on or about November, 2008 from Sam's Club in Tucson, Arizona.   Approximately 6 months after purchasing the computer, Mr. Baba's wife noticed that the cursor would jump to the lower right portion of the screen.   Mr. Baba contacted HP about this problem, and was told at various times to update the touchpad driver and update the computer BIOS.  None of these procedures solved the problem.

27.     Mr. Baba was next directed by HP to take the computer to the Geek Squad for repair.   The Geek Squad advised him that it was aware of the "jumping cursor" problem, that the problem could not be repaired, and because he had not purchased the computer at Best Buy, they could not be of any further assistance.

28.     HP eventually allowed Mr. Baba to return his computer to HP in Fremont, California for warranty service.

29.     HP returned the computer to Mr. Baba with an indication that it had replaced the screen on the computer.  It did not, however, inform him that it had reduced the computer's processor speed to 50% of its capacity.   The reduction of processor speed is often cited by internet complainants as a way to reduce or eliminate the jumping cursor, because the slower the processor, the less heat produced by the computer, resulting in a slower fan rotation.

30.     Upon discovering that his processor speed had been reduced, Mr. Baba increased the speed to its normal capacity.  Once this was done, the cursor again began jumping around the screen, although it was no longer "clicking" on its own.

---

[8]http://h30434.www3.hp.com/psg/board/message?board.id=General&message.id=5134&query.id=129053#M5134

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

31.     Mr. Ritz purchased his HP TX 2000 series computer from HP on or about March 25, 2008.   He began sporadically experiencing the "jumping cursor" problem approximately three to five months after purchase. He tried initially to adjust the computer's settings to alleviate the problem.  On or about May, 2009, he contacted HP customer support via online instant messaging.  He was directed to adjust the sensitivity of the computer's touchpad and perform other software fixes.   When these procedures failed to solve the problem, Mr. Ritz was informed that he could, at a cost to him of $49, purchase telephone support to resolve the problem.   When Mr. Ritz questioned HP why it believed that it could repair the problem through its telephone support department when its email support could not, he was told that the telephone support representatives had received advanced training.

32.     HP could not, and knew it could not, resolve the jumping cursor issue through software fixes.

33.     HP is aware of the defect due to the numerous complaints it has received, as well as those posted on the internet including in consumer forums on hp.com.

34.     Named Plaintiffs and members of the Class reasonably expected that the notebooks would function normally for at least the one year warranty period, as was expressly warranted by HP.  Named Plaintiffs and members of the Class also reasonably expected that HP would honor its warranty and provide correct instructions to remedy the problem and/or appropriate repairs during the warranty period.

35.     The fact that the notebooks are defective is and was material to Named Plaintiffs and Class Members.

36.     The fact that HP is not properly repairing the notebooks during the warranty period is and was material to Named Plaintiffs and Class Members.

FIRST AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-05946-RS

37.     HP was in the exclusive possession of the information regarding the defect, which was material to Named Plaintiffs and Class members, and HP had a duty, under all of the circumstances, to disclose the material facts to Named Plaintiffs and members of the Class.

38.     Despite knowledge of the defect, HP continued to represent to Named Plaintiffs and Class Members that the notebooks were "free from defects" at the time of sale.

<u>**FIRST CAUSE OF ACTION**</u>
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Business & Professions Code §17200 *et seq.*)**

39.     Named Plaintiffs restates the allegations above as if fully rewritten herein.

40.     California Business & Professions Code §17200, *et seq.* prohibits acts of unfair competition, which means and includes any "unlawful, unfair or fraudulent business act or practice," any "unfair, deceptive, untrue or misleading advertising" and any act prohibited by Business & Profession Code §17500.

41.     HP violated California Business & Professions Code §17200's prohibition against engaging in an "unlawful" business act or practice, by, *inter alia*, continuing to voluntarily and expressly warrant the subject computers without the intent to uphold its warranty, continuing to sell the subject computers after learning that the subject computers experienced significant problems with jumping cursors, violating California Civil Code §1770, violating California Civil Code §§1572, 1573, 1709, 1710, and 1711 by omitting facts it had a duty to disclose and by otherwise violating the common law.

42.     HP violated California Business & Professions Code §17200's prohibition against engaging in an "unfair" business act or practice by, *inter alia*, systematically breaching its contracts with consumers and the general public, continuing to sell the subject computers after

learning that they were defective, violating California Civil Code §§1572, 1573, 1709, 1710, 1711, and 1770. HP's conduct offends public policy and is unethical, oppressive, unscrupulous and violates the laws stated. Further, HP's conduct caused and continues to cause substantial injury to consumers and their property. The gravity of HP's alleged wrongful conduct outweighs any purported benefits attributable to such conduct. There were also reasonably available alternatives to HP to further legitimate business interests.

43.     The foregoing conduct also violates Business & Profession Code §17200's prohibitions against "fraudulent" business practices as described above, including, *inter alia*, continuing to sell the subject computers after learning that the subject computers were defective, making statements that are likely to deceive the reasonable consumer, omitting facts that are likely to deceive the reasonable consumer, making false and misleading representations, and omitting facts it had a duty to disclose.

44.     The misleading representations referred to above include HP's representation that the product would function as a "tablet" computer, that it would be free from defect, that if a defect existed it would be repaired by HP, that the unstable cursor is the result of user error (that is, brushing the touchpad accidentally), and that the unstable cursor problem could be resolved through software or firmware fixes, or by adjusting properties of various hardware.

45.     The misrepresentations referred to above were material, and were relied upon by Named Plaintiffs to their detriment.   Named Plaintiffs purchased the computer with the expectation that it would function as a "tablet' computer, that it would be free from defects, and that if a defect existed it would be repaired properly by HP.   Named Plaintiffs invested significant time in following the repair instructions provided by HP.

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

46.    The conduct of which Named Plaintiffs and the Class complain occurred within California.

47.    Named Plaintiffs reserve the right to allege other violations of law which constitute other "unlawful, unfair or fraudulent business act or practice," any "unfair, deceptive, untrue or misleading advertising" and any act prohibited by Business & Profession Code §17500. Such conduct is ongoing and continues to this date.

48.    HP has thus engaged in acts, practices and advertising entitling Named Plaintiffs to judgment and equitable monetary relief against HP, in the form of the purchase price of the subject computers that Named Plaintiffs and Class members purchased and injunctive relief, as set forth in the Prayer for Relief.

## SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S CONSUMER'S LEGAL REMEDIES ACT
#### (Cal. Civ. Code §1750 et seq.)

49.    Named Plaintiffs restates the allegations above as if fully rewritten herein.

50.    At all relevant times, the subject computers constituted "goods," as that term is defined in Civ. Code § 1761(a).

51.    At all relevant times, Named Plaintiffs were each a "consumer," as that term is defined in Civ. Code § 1761(d).

52.    At all relevant times, Defendant was a "person," as that term is defined in Civ. Code § 1761(c).

53.    At all relevant times, Named Plaintiffs' purchase of the subject computers constituted a "transaction" as that term is defined in Civ. Code § 1761(e).

54.    At all relevant times, HP provided "services" to Named Plaintiffs and the Class, within the meaning of Civil Code § 1761(b).

55.     The CLRA provides in relevant part that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: "(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have", (7) "Representing that [the Product is] of a particular standard, quality or grade, . . . if [it is] of another., (9) "Advertising goods or services with intent not to sell them as advertised", and (14) "Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law"; Civil Code §§ 1770(a)(5), (7), (9) and (14).

56.     At all pertinent times, HP has made false and misleading statements of fact regarding the ability of the subject computers to properly function.   Specifically, it represented that the computer was "free from defects under normal use during the Limited Warranty Period." [9]

57.     At all pertinent times, HP has made false and misleading statements of fact regarding the cause of the subject computers' inability to properly function.  Specifically, it has a policy of denying that the jumping cursor is caused by a hardware or design problem, and instead advises purchasers to perform a system restore on their computers, or download updated or backdated drivers, or take other actions affecting the computer's firmware or software that do not resolve the problem.  If consumers are persistent enough with their complaints to send their computers to HP for repair, HP returns the computers with an indication that it has replaced a hardware component such as the fan, the screen, the cover, or the keyboard of the computer.

---

[9] HP Limited Warranty at Page 2, Exhibit 1 hereto.

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

None of these repairs, however, resolve the problem. By engaging in such conduct, HP violated the CLRA.

58.     Defendant's violations of the CLRA occurred as a result of common misrepresentations, omissions and statements of facts that were material to Named Plaintiffs and to all Class members, and upon which Named Plaintiffs and all Class members relied upon and/or reasonably could be expected to rely upon under all of the circumstances. The misleading representations referred to above include HP's representation that the product would be free from defect, that the problem is the result of user error (that is, brushing the touchpad accidentally), and that the jumping cursor problem could be resolved through software or firmware fixes, or by adjusting properties of various hardware.

59.     The conduct of which Named Plaintiffs and the Class complain occurred within California.

60.     Civil Code § 1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code § 1770.

61.     Named Plaintiffs and the Class are also entitled to recover attorneys' fees and costs pursuant to Civil Code §§ 1780 and 1781.

62.     Named Plaintiffs and Class Members, as described herein, have suffered damage and/or injury in fact as a result of Defendant' violations of the CLRA.

63.     In accordance with the procedure proscribed in California Civil Code §1780, Named Plaintiffs gave written notice to defendant. *See* Ex. C, 12/16/09 Kaufman letters to Hewlett Packard. As Defendant has failed to rectify or agree to rectify the problems associated with the actions detailed above and failed to provide notice to all affected consumers of its intent to do so within 30 days of the date of written notice pursuant to §1782 of the Act, Named

Plaintiffs seek actual and punitive damages, restitution and all other relief available to them and the other members of the Class pursuant to California Civil Code §1780.

64.     Named Plaintiffs and the Class are entitled to damages, restitution, and other relief pursuant to Civil Code § 1780.

**THIRD CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**

65. Named Plaintiffs restate the allegations above as if fully rewritten herein.

66.     HP's written warranty for the subject computers states in relevant part that the product is free from defects in materials and workmanship and that if HP receives notice of such defects during the warranty period, it will, at its option, either repair or replace products that prove to be defective at no cost to the consumers.  These statements constitute an affirmation of fact or promise or description of the goods and not mere puffery.  The statements were also part of the basis of Named Plaintiffs' and members of the Class' bargain with HP.  The defect discussed herein and HP's failure to honor its express warranty by repairing the subject computers or replacing the defective parts constitutes a breach of HP's express written warranty.

67.     HP has received timely notice of the breach of warranty alleged herein. Defendant was provided ample notice of the problem with the subject computer as alleged above and failed to take any steps to remedy the problem.  Indeed, notice of a breach of warranty was futile as HP knew of the problem but failed to take action in response to the problem.

68.     HP failed to provide, as a warranty replacement to Named Plaintiffs or members of the Class, a computer that conforms to the qualities and characteristics that HP has expressly warranted are possessed by the subject computers.

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

69.    As a direct and proximate result of Defendants' breach of warranty, Named Plaintiffs and Class Members have suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

70. Named Plaintiffs restate the allegations above as if fully rewritten herein.

71.    The warranty of merchantability is implied into every commercial transaction.    The warranty of merchantability requires that products be of reasonable workmanlike quality and free of defects.    HP breached the warranty of merchantability by designing, manufacturing, distributing and/or selling the defectively designed computers.

72.    The defectively designed computers were not of merchantable quality. Because of the defective design of the computers, they were not of reasonable workmanlike quality.    As a proximate and foreseeable cause of HP's breach of the warranty of merchantability, Class Members were damaged and incurred charges that they would not have incurred but for the breach of the warranty of merchantability.

73.    By reason of the foregoing, the Named Plaintiffs and the Class Members have suffered economic losses and are entitled to compensatory and punitive damages in an amount to be determined at the trial of this action.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

74.    Named Plaintiffs restate the allegations above as if fully rewritten herein.

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

75.     During the class period, Named Plaintiffs and Class Members conferred upon HP, without knowledge of its deceptions and misstatements, payments for the computers, product support and repairs, benefits which were non-gratuitous.

76.     HP accepted or retained the non-gratuitous benefits conferred by Named Plaintiffs and the Class Members despite HP's knowledge of its deceptions and misstatements. Retaining the non-gratuitous benefits conferred upon it by Named Plaintiffs and the Class Members under these circumstances made HP's retention of the non-gratuitous benefits unjust and inequitable

77.     Because HP's retention of the non-gratuitous benefits conferred by Named Plaintiffs and the Class Members is unjust and inequitable, HP must pay restitution in the manner established by the Court, in addition to any other equitable remedy the Court may choose to impose.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs, on behalf of themselves and all others similarly situated, pray for a judgment against HP as follows:

a.     For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23(a) and (b)(3) and appointing Named Plaintiffs and their counsel of record to represent said Class;

b.     For an order that HP be permanently enjoined from engaging in the unlawful activities and practices complained of herein;

c.     For an order awarding restitution and disgorgement of all monies  paid by Plaintiff and the Class Members and/or ill-gotten gains realized by HP as a direct result of HP's unlawful, unfair and/or fraudulent business practices complained of herein;

d.     .For an order imposing a constructive trust for the benefit of Plaintiff and the Class Members upon all charges paid by Plaintiff and the Class Members;

FIRST AMENDED CLASS ACTION COMPLAINT     CASE NO. 09-05946-RS

1    f.      For declaratory relief as this Court deems appropriate;

2    g.      For attorneys' fees and costs of suit, including expert witness fees;

3    h.      For an order awarding pre-judgment and post-judgment interest as
4    prescribed by law;

5    i.      For actual and punitive damages plus interest thereon; and,

6

7    j.      For such other further relief as this Court may deem just and proper.

8

9                              **<u>DEMAND FOR JURY TRIAL</u>**

10   Plaintiff hereby demands a trial by jury on all claims so triable.

11

12   Respectfully submitted,                        _/s/ Scott R. Kaufman_____
                                                      Scott R. Kaufman, SBN 190129
13

14

15                                                   Barbara Quinn Smith (Ohio Bar 0055328)
                                                      (admission *pro hac vice to be filed*)
16                                                   **MADDOX HARGETT & CARUSO**
                                                      9853 Johnnycake Ridge Road
17                                                   Suite 302
                                                      Mentor, OH 44060
18                                                   Telephone: 440-354-4010
                                                      Facsimile: 440-848-8175
19

20                                                   Thomas A. Hargett (Indiana Bar 11252-49)
                                                      (admission *pro hac vice to be filed*)
21                                                   Thomas K.Caldwell (Indiana Bar 16001-49)
                                                      (admission *pro hac vice to be filed*)
22                                                   T. John Kirk (Indiana Bar 27202-29)
23                                                   **MADDOX HARGETT & CARUSO**
                                                      10100 Lantern Road
24                                                   Suite 150
                                                      Fishers, IN 46038
25                                                   Telephone: 317-598-2040
                                                      Facsimile: 317-598-2050
26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS

## <u>CERTIFICATE OF SERVICE</u>

1

2        I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

3    and paper copies will be sent to those indicated as non registered participants on February 9, 2010.

4

5    Dated:  February 9, 2010                 Respectfully submitted,

6                              /s/ Scott R. Kaufman

7                              Scott R. Kaufman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT    CASE NO. 09-05946-RS