*E-FILED: January 26, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BABA and RAY RITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendant.<br>_____ / | No. C09-05946 RS (HRL)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>[Re: Docket No. 71] |

Plaintiffs sue for themselves and on behalf of a putative class of consumers who purchased allegedly defective TX 2000 and TX 2500 series computers manufactured by defendant Hewlett-Packard Company (HP). Briefly stated, the alleged defect causes the cursor to randomly jump to the lower right corner of the computer screen.

Now before this court is plaintiffs' motion for entry of a protective order. Although no one disputes the need for such an order, the parties disagree whether certain limitations should be placed on the disclosure of "Highly Confidential–Attorneys' Eyes Only" (AEO) information to retained experts. The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, the court denies plaintiffs' motion and will enter the form of order proposed by defendant, but with some modification.

Federal Rule of Civil Procedure 26(c) says that the court may, for good cause shown,

issue an order to protect a party against "annoyance, embarrassment, oppression, or undue burden or expense" by denying or limiting access to "a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 26(c)(1)(G). The party seeking protection bears the burden of showing "good cause." "Good cause" requires a showing that specific prejudice or particularized harm will result from disclosure of the information. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011).

In essence, the instant dispute concerns HP's desire to have some means of vetting plaintiffs' retained experts before any of the company's AEO information is disclosed to them. Defendant apparently anticipates that its AEO information produced in discovery may include "computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs." (Dkt. 76-2 at 4). HP argues that any protective order to be entered should therefore be patterned after the court's "Model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets." During meet-and-confer negotiations, HP says that it originally proposed that any protective order include that model order's Section 7.4, which essentially requires a party to disclose certain information about its retained expert (e.g., background and employment information) before disclosing the opposing party's AEO materials to that expert. Plaintiffs disputed the need for such procedures. HP says that it then proposed, as a compromise, a provision that precludes the disclosure of AEO information to anyone who, in the past five years, was (1) employed by HP; (2) employed by HP's competitors; or (3) retained as an expert or consultant by HP's competitors. Pointing out that this court has issued such protective orders in the past in other matters, HP argues that this court should do so again here.

In plaintiffs' view, HP's concerns will be sufficiently addressed by a protective order patterned after the court's model order for "Standard Litigation," modified to allow for two tiers of confidentiality designations. They agree that AEO information should not be disclosed to any current employees of HP's competitors, but contend that no other restrictions on expert

2

disclosure are necessary. Here, plaintiffs express concern that HP's "compromise" proposal will, in effect, hamper their ability to find a suitable expert.

This court agrees that HP has a legitimate interest in knowing who might be accessing the company's AEO information, even if, for example, such person(s) no longer work for HP or for HP's competitors. But, defendant has shown no cause to include a "catch-all" definition of "competitor" in a protective order. Nor has HP satisfactorily explained why persons formerly associated with the company or its competitors should be automatically excluded from the pool of potential experts who might be retained. This court is also unpersuaded by HP's call for slavish consistency with prior orders issued in other matters. Inasmuch as each side claims that the other's concerns are speculative, this court finds that having an advance-notice procedure in place strikes the best balance between legitimate competing interests and possible prejudice. In the event of a disclosure dispute, plaintiffs can say why they need to disclose defendant's AEO information to a particular expert, and HP can explain why the risk of harm of disclosure to that individual, under proposed safeguards, outweighs plaintiffs' need for disclosure. Additionally, the court will place a temporal limit on the advance-notice requirement—i.e., the advance-notice procedures need not be followed for any expert who, within the preceding five years, has not been affiliated in any way with defendant or any of defendant's competitors.

Accordingly, the court will adopt defendant's proposed order, but will modify it (1) as described above; (2) to set a temporal limit on this court's jurisdiction to enforce the terms of the order; and (3) to reflect that any disclosure or discovery disputes may only be brought to this court's attention in compliance with the undersigned's Standing Order re Civil Discovery Disputes.

A protective order will be entered concurrently with this one.

SO ORDERED.

Dated: January 26, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

1  5:09-cv-05946-RS Notice has been electronically mailed to:

2  Barbara Quinn Smith      bqsesq@aol.com, kirktjohn@mhclaw.com

3  Franco A Corrado      fcorrado@morganlewis.com

4  Kristofor Tod Henning      khenning@morganlewis.com

5  Samuel G. Liversidge      sliversidge@gibsondunn.com, cginnaven@gibsondunn.com

6  Scott Richard Kaufman      lemonatty@gmail.com

7  T. John Kirk      kirktjohn@mhclaw.com, manderson@mhclaw.com

8  Thomas K. Caldwell      tkcaldwell@mhclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.