*E-FILED: January 31, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID BABA and RAY RITZ, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br>   v.<br>HEWLETT-PACKARD COMPANY,<br>   Defendant. | No. C09-05946 RS (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT #1**<br><br>**[Re: Docket No. 81]** |

Plaintiffs David Baba and Ray Ritz sue for themselves and on behalf of a putative class of consumers who purchased allegedly defective TX 2000 and TX 2500 series notebook computers sold by defendant Hewlett-Packard Company (HP). The alleged defect causes the cursor to randomly jump to the lower right corner of the computer screen. Following some motions practice, plaintiffs filed a Third Amended Complaint (TAC), which defendant answered. The TAC asserts claims for breach of express warranty and the implied warranty of merchantability. These alleged breaches serve as the basis for plaintiffs' claim for unlawful business practices under California Business & Professions Code § 17200.

The instant discovery dispute concerns plaintiffs' request for the names and contact information of putative class members.[1] Plaintiffs contend that they need this information in order to properly assess class issues. Claiming that other purchasers are also potential

---

[1] The pertinent request is plaintiffs' document Request No. 35, which asks HP to produce "All documents sufficient to Identify all Purchasers of the Subject Computers."

witnesses, plaintiffs argue that HP is required to disclose their identities in any event. HP contends that the requested discovery is unnecessary and that plaintiffs' stated need for the information does not outweigh its customers' privacy interests. Here, defendant asserts that production of the requested discovery would subject its customers to potentially unwanted contact from third parties. Alternatively, if the discovery is allowed, defendant requests that this court impose certain conditions on the use of the information—most of which are agreeable to plaintiffs. The matter is suitable for determination without oral argument. CIV. L.R. 7-1(b). Having read the parties' Discovery Dispute Joint Report, and upon consideration of the parties' respective positions, this court grants the motion as follows:

Courts generally recognize the need for pre-certification discovery relating to class issues. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted."). Whether or not such discovery will be permitted, however, and the scope of any discovery that is allowed, lies within the court's sound discretion. Id.; Del Campo v. Kennedy, 236 F.R.D. 454, 459 (N.D. Cal. 2006). "'[D]iscovery often has been used to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.'" Del Campo, 236 F.R.D. at 459 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L.Ed.2d 253 (1978)). Plaintiffs bear the burden of advancing a prima facie showing that the class action requirements of Rule 23 are satisfied, or that discovery is likely to produce substantiation of the class allegations. Id.

Cases "demonstrate that, after a prima facie case is alleged and a motion to dismiss is denied, pre-certification communication by class counsel with potential class members must be permitted." Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 507 (C.D. Cal. 2011). The court then balances the putative class counsel's need for the requested information against defendant's asserted objections, including the privacy rights of potential class members. Id.

1  While putative class members have privacy interests in their personal contact information,
2  disclosure has been permitted where plaintiffs show a legitimate need.  Id.
3  Here, Baba and Ritz say they need the requested contact information in order to conduct
4  a survey of potential class members to determine:  (1) the nature and scope of the so-called
5  "jumping cursor"; (2) whether and when customers complained to HP about the issue;
6  (3) whether customers were able to obtain warranty service; and (4) whether any warranty
7  service actually fixed the problem.
8  HP argues that the requested discovery is unnecessary because plaintiffs' complaint
9  already contains numerous online postings by customers concerning the cursor issue and
10 whether or not those customers complained to HP.  (Dkt. No. 60, ¶ 24, pp. 6-25).  HP says that
11 it has also produced message board threads from a forum on the company's website where
12 customers discussed the cursor in their TX2000 and TX2500 series computers.  Further
13 discovery, however, may well produce substantiation of the class allegations.  Moreover, the
14 postings in plaintiffs' complaint do not always indicate whether customers were able to obtain
15 warranty service and whether any such service fixed the problem.  (The postings produced by
16 HP have not been presented here, so this court can only assume that they may be similar in
17 nature.)  And, as noted above, the alleged breaches of warranty are the heart of this action.
18 Accordingly, plaintiffs have presented a legitimate need to contact potential class members.
19 Additionally, the potential for abuse of customers' contact information is minimal.
20 There is a protective order in place to protect customers' private information.  This court will
21 also impose some of the additional conditions proposed by HP to further minimize any potential
22 for abuse.  As noted above, plaintiffs are agreeable to most of HP's proposed conditions; they
23 disagree only whether disclosure of customer contact information should be restricted to
24 plaintiffs' counsel.  Here, plaintiffs express concern that restricting the information to their
25 counsel of record will, as a practical matter, prevent them from commissioning their intended
26 survey.
27 On balance, having weighed legitimate competing interests and possible prejudice, this
28 court finds that disclosure of potential class members' contact information is appropriate.  HP

shall, within 14 days from the date of this order, produce the information to plaintiffs' counsel. The discovery is subject to the following conditions:

- HP's customers' contact information shall be kept confidential and shall be disclosed only to plaintiffs' counsel of record and to those persons whose access is necessary for plaintiffs to conduct their intended survey.  Absent consent from the particular customer in question, further disclosure of a customer's contact information is prohibited.
- Plaintiffs must disclose to any putative class member they contact that they obtained his or her contact information by a court order over HP's objection.
- Plaintiffs shall inform any putative class member they contact that he or she is not required to talk to them.

SO ORDERED.

Dated: January 31, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

5:09-cv-05946-RS Notice has been electronically mailed to:

Barbara Quinn Smith    bqsmith@mhclaw.com

Franco A Corrado    fcorrado@morganlewis.com

Kristofor Tod Henning    khenning@morganlewis.com

Samuel G. Liversidge    sliversidge@gibsondunn.com, cginnaven@gibsondunn.com

Scott Richard Kaufman    lemonatty@gmail.com

T. John Kirk    kirktjohn@mhclaw.com, manderson@mhclaw.com

Thomas K. Caldwell    tkcaldwell@mhclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5